# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BRAMMER, | CASE NO. 1:07-cv-01350-AWI-SMS PC |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH RULE 8, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | |
| JAMES A. YATES, et al., | (Doc. 1) |
| Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT AS MOOT |
| | (Doc. 13) |

**Screening Order**

I. **Screening Requirement**

Plaintiff James W. Brammer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 17, 2007. On January 25, 2008, Plaintiff filed a motion seeking leave to supplement his complaint. Fed. R. Civ. P. 15(d).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Failure to Comply with Rule 8(a)

"Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need not give an elaborate recitation of every fact he may ultimately rely upon at trial, but only a statement sufficient to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S.Ct. 992 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)).

It is the Court's duty to screen a complaint and determine whether it states any cognizable claims. It is Plaintiff's duty to present a pleading that complies with Rule 8(a). All that is required is for Plaintiff to briefly state what each defendant did or did not do that violated his rights. A pleading is not the appropriate vehicle in which to argue the case. The present complaint goes well beyond what is acceptable under Rule 8(a). Plaintiff shall be required to submit a pleading that complies with Rule 8(a).

## III. Conclusion

Plaintiff's complaint fails to comply with Rule 8(a) and shall be dismissed as a result. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Because Plaintiff is required to file an amended complaint, his motion seeking leave to supplement is now moot, as the amended complaint shall set forth all claims.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific but brief terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

1978). Plaintiff is advised that "there is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may be held] liable for the constitutional violations of subordinates [only] 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d 987, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to comply with Rule 8(a);
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed; and
5. In light of this order, Plaintiff's motion seeking leave to supplement his complaint, filed January 25, 2008, is denied as moot.

IT IS SO ORDERED.

**Dated:   May 8, 2008**                   /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE