# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BRAMMER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01350-GBC (PC)<br><br>ORDER DENYING MOTION FOR RECUSAL AND MOTION FOR REASSIGNMENT TO A DISTRICT JUDGE, WITH PREJUDICE<br><br>(Doc. 51) |

　　James W. Brammer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 17, 2007, Plaintiff filed his original complaint. (Doc. 1). On August 4, 2011, Plaintiff filed a motion seeking recusal of the undersigned and reassignment of this action to a district judge. (Doc. 50).

　　Disqualification is required if a judge's impartiality might reasonably be questioned, or if the judge has a personal bias or prejudice for or against a party. *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), *aff'd*, 496 U.S. 543, 110 S.Ct. 2535 (1990). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." *Id.* (citing *In re Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984)). Plaintiff's disagreement with the Court's judicial rulings in this case does not constitute a valid basis for a bias or partiality motion. *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004) (citing *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)).

1  Plaintiff has not made the requisite showing, and his motion for recusal of the undersigned
2  is denied.
3  Further, this action was assigned to the undersigned pursuant to Appendix A(k)(4) of the
4  Local Rules of the Eastern District of California, and Plaintiff did not exercise his right to request
5  reassignment to a district judge at the initiation of this action. Appendix A(k)(3). Instead, Plaintiff
6  consented to United States Magistrate Judge jurisdiction on September 26, 2007. Plaintiff's
7  disagreement with the Court's orders provides no basis for the withdrawal of his earlier consent, and
8  this case will remain assigned to the undersigned. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993).
9  Plaintiff's motion for reassignment to a district judge is denied.
10  For the reasons set forth herein, Plaintiff's motion, filed August 4, 2011, is HEREBY
11  DENIED, with prejudice.

13  IT IS SO ORDERED.

15  Dated:   October 13, 2011                             UNITED STATES MAGISTRATE JUDGE