**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BRAMMER, | CASE NO. 1:07-cv-01350-GBC (PC) |
| Plaintiff, | ORDER ALLOWING CASE TO PROCEED ON DEFENDANTS YATES, CHAPNICK, KUSHNER, AND SALAZAR AND DISMISSING CLAIM AGAINST DEFENDANT HARPER |
| v. | |
| JAMES A. YATES, et al., | |
| Defendants. | (Doc. 51) |
| _____/ | |

**I.      Procedural History**

At the time of filing James W. Brammer ("Plaintiff") was a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 17, 2007, Plaintiff filed his original complaint. Doc. 1. On May 9, 2009, the Court dismissed Plaintiff's complaint with leave to amend for failure to comply with Rule 8 of the Federal Rules of Procedure. Doc. 16. On July 14, 2008, Plaintiff filed the first amended complaint. Doc. 20. On October 9, 2009, the Court dismissed certain claims and defendants and dismissed Plaintiff's first amended complaint with leave to amend. Doc. 24. On June 7, 2011, the Court struck Plaintiff's second amended complaint as incomplete and ordered Plaintiff to file a complete second amended complaint. Doc. 45. After two extensions of time, Plaintiff filed the second amended complaint on September 19, 2011, which is currently before the Court. Doc. 51.

///

## II. Screening

### A. Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"'Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.'" *Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011) (quoting *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir.2000). "'Additionally, in general, courts must construe pro se pleadings liberally.'" *Id.* A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### B. Plaintiff's Complaint

Plaintiff, James Brammer ("Plaintiff"), is currently an inmate of Men's Central Jail in Los Angeles California. Doc. 51 at 4. During the time relevant to this action, Plaintiff was an inmate in Pleasant Valley State Prison ("PVSP"). Doc. 51 at 4. Plaintiff brings this civil suit against: 1) Warden, James A. Yates; 2) Chief Medical Officer, R. Chapnick; 3) Doctor N. Kushner; 4) Doctor

Salazar; and 5) Medical Technical Assistant ("MTA") Harper, all of whom are employees at PVSP. Doc. 51 at 4-5.

According to Plaintiff, on or about June 6, 2003, Plaintiff arrived at PVSP and was assigned to work at the "D" Facility dining hall. Doc. 51 at 5. Plaintiff states that he was a kitchen "line backer" which required Plaintiff to lift and carry over one-thousand pounds of food each day. Doc. 51 at 5. Plaintiff alleges that on or about February 2, 2005, while performing his kitchen duties, a PVSP staff member unknowingly stepped in front of Plaintiff, causing Plaintiff to stumble and injure his right hand. Doc. 51 at 5-6. Plaintiff immediately signed up to receive medical attention and after Dr. Kim examined Plaintiff's hand, Dr. Kim informed Plaintiff that he would need to see a specialist. Doc. 51 at 6. Plaintiff alleges that he suffered severe pain in his right hand and that his hand would "lock and be rendered useless." Doc. 51 at 6.

In attempting to obtain medical treatment, Plaintiff alleges that Defendants Kushner and Salazar "refused to treat Plaintiff, stating that there was nothing wrong with his hand and ordered him to continue work." Doc. 51 at 6. Plaintiff filed a 602 grievance in order to obtain medical treatment for his injured hand. Doc. 51 at 6. According to Plaintiff, he was told by Defendant Kushner that if Plaintiff withdrew the 602 grievance, Plaintiff would receive the medical treatment his injured hand required. Doc. 51 at 6.

Then Plaintiff withdrew his grievance and signed up, once again, to receive medial treatment and this time Defendant Salazar stated "there's nothing wrong with your hand." Doc. 51 at 6. Plaintiff then informed Defendant Salazar that his hand was not operational and it caused him severe pain. Doc. 51 at 6. Plaintiff alleges that during this meeting with Defendant Salazar, Defendant Harper entered the room and ordered Plaintiff to "shut up" and leave the clinic and stated that the Warden had given Defendant Harper authority to refuse treatment to anyone he desired. Doc. 51 at 6.

Plaintiff states that he then filed a 602 grievance which was handled by Defendant Chapnick and Plaintiff alleges that Defendant Chapnick stated false information in Plaintiff's grievance by stating that no medical issue existed. Doc. 51 at 7. Plaintiff alleges that he was in such extreme pain that he wrote to the Warden, Defendant Yates, multiple letters for help, yet Defendant Yates never

3

responded. Doc. 51 at 7. Plaintiff alleges that he suffered extreme pain throughout the year of 2005 despite numerous grievances and letters submitted and Plaintiff was forced to continue work in the kitchen. Doc. 51 at 7. Plaintiff alleges that as a result of the PVSP staff's conduct, Plaintiff suffered further injuries to his right hand and acquired a new injury to his left wrists. Doc. 51 at 7 (citing Appendix A).

According to Plaintiff, in June 2006, Plaintiff was transferred to Avenal State Prison where Plaintiff was seen by an orthopedic surgeon in less than a month and was diagnosed with damage to the "flexor tendon" and underwent two surgeries correct the "flexor tendon" damage in the right hand and wrist damage in the left hand. Doc. 51 at 7.

As relief, Plaintiff seeks compensatory and punitive damages . (Doc. 51 at 8-9).

### C.  Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060).

To state a viable claim, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and supervisors may only be held liable if they "participated in or

1  directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*,
2  880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011);
3  *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board*
4  *of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir.
5  1997).

### D. Discussion

#### 1. Defendant Kushner

Plaintiff alleges that Defendant Kushner knew about his hand injury and knew that Plaintiff was suffering from numerous episodes of pain, and Kushner promised to provide adequate treatment if Plaintiff withdrew his appeal. Doc. 51 at 6. Plaintiff withdrew the appeal and Kushner did not provide treatment. The promise of treatment if Plaintiff withdrew his grievance gives sufficient inference that Defendant Kushner was on notice that Plaintiff had a serious medical need. Additionally, the following lack of treatment satisfies the deliberate indifference prong. *See Jett*, 439 F.3d at 1096. Therefore, the Court finds that Plaintiff's allegations are sufficient, at the pleading stage, to state a claim against Defendant Kushner for deliberate indifference to a serious medical need. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011) (construing pro se complaints liberally only dismissing a pro se complaint for failure to state a claim "if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'"); *accord Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

#### 2. Defendant Salazar

According to Plaintiff, he told Defendant Salazar that he was experiencing severe pain and that his hand was non-operational and alleges that Defendant Salazar did nothing. Doc. 51 at 6. Defendant Salazar's statement that there was nothing wrong with Plaintiff's hand contradicts Plaintiff's assertion that his had was not operational and contradicts the later conclusion that Plaintiff suffered from tendon damage. Viewing the facts in the light most favorable to Plaintiff, Plaintiff had an injury which warranted treatment, Defendant Salazar should have been or was aware of that fact, but disregarded it. Therefore, the Court finds that Plaintiff's allegations are sufficient, at the pleading stage, to state a claim against Defendant Salazar for deliberate indifference to a serious

medical need. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *accord Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

### 3. Defendant Harper

Plaintiff alleges that during this meeting with Defendant Salazar, Defendant Harper entered the room and ordered Plaintiff to "shut up" and leave the clinic and stated that the Warden had given Defendant Harper authority to refuse treatment to anyone he desired. Doc. 51 at 6. As Plaintiff's allegations place Defendant Harper outside of the exam room until Harper bursted in and interrupted Plaintiff's medical exam, the is nothing in Plaintiff's complaint to demonstrate that Defendant Harper knew that Plaintiff had a serious medical need. Plaintiff fails to allege any specific facts explaining how Harper supposedly knew of Plaintiff's serious medical need. The mere possibility of misconduct is insufficient to state a claim against Defendant Harper. *See* Fed. Rule Civ. Proc. 8(a)(2). Therefore, Plaintiff fails to state a claim for relief against Defendant Harper.

### 4. Supervisory Liability of Defendant Yates

Under section 1983, Plaintiff must show that the Warden, Defendant Yates, was personally involved in the violation of his constitutional rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability under section 1983, and therefore, Defendant Yates may only be held liable for his own misconduct. *Iqbal*, 129 S.Ct. at 1948-49.

Prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (prison administrators are liable if they knowingly fail to respond to a request for help). A supervisor may be held liable for the constitutional violations of his subordinates if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *also Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Thus, if Defendant Yates were placed on notice of an ongoing constitutional violation and failed to intervene, Plaintiff may properly proceed against him. *Jett*, 439 F.3d at 1098; *Taylor*, 880 F.2d at 1045.

Given the liberal pleading requirement, Plaintiff's allegations of submitting multiple letters

for to Defendant Yates (Doc. 51 at 7) was sufficient to demonstrate at the pleading stage that Defendant Yates had notice that Plaintiff had a persisting medical condition which lacked the necessary response. Because Defendant Yates cannot turn a blind eye to a claim that subordinates are is violating an inmate's constitutional rights, *Jett*, 439 F.3d at 1098, the Court finds that Plaintiff's allegations are sufficient, at the pleading stage, to state a claim against Defendant Yates for deliberate indifference to a serious medical need. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *accord Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

### 5. Defendant Chapnick

Actions in reviewing and denying inmate appeals cannot serve as a sole basis for liability under section 1983. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988). However, a plaintiff may establish liability on the part of defendants involved in the administrative grievance process under the Eighth Amendment by alleging that his appeal put the defendants on notice that he had a serious medical need that was not being met, and their denial, therefore, constituted deliberate indifference to his medical need. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990) (holding that prison officials manifest a deliberate indifference to a prisoner's medical needs if they intentionally deny, delay or interfere with medical treatment).

In this instance, Plaintiff alleges that Defendant Chapnick handled his medical grievance and falsely stated that no medical issue existed. Doc. 51 at 7. In the grievances attached to Plaintiff's original complaint, Plaintiff detailed how his condition was worsening and stated that only an MRI would be able to identify tendon damage that would be missed in an x-ray.[1] Doc. 1 at 37. Defendant Chapnick's response simply recited dates Plaintiff was seen and concluded that Plaintiff would continue to be seen, such response did not truly address the substance of Plaintiff's complaint. Doc. 1 at 34-37. Plaintiff's grievance informed Defendant Chapnick of the increased severity of his medical condition and pointed out how the response of an x-ray was insufficient to detect tendon damage, Plaintiff's detailed grievance coupled with the fact that soon after he was transferred to

---

[1] The Court takes judicial notice of exhibits attached to Plaintiff's original complaint.

7

another prison, it was determined that he had, in fact, soft tissue damage, gives a sufficient inference of deliberate indifference. Therefore, the Court finds that Plaintiff's allegations are sufficient, at the pleading stage, to state a claim against Defendant Chapnick for deliberate indifference to a serious medical need. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011)

### III.     Conclusion and Order

Plaintiff states cognizable claims against Defendants: 1) James A. Yates; 2) R. Chapnick; 3) N. Kushner; and 4) Salazar for deliberate indifference of a serious medical need relating to the treatment of his hand injury. However, Plaintiff's second amended complaint does not state any claim upon which relief may be granted against Defendant Harper. Plaintiff was provided with two opportunities to amend the complaint and it is apparent that further amendment could not correct defects of his claim against Defendant Harper. Based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's second amended complaint, filed September 19, 2011, against Defendants: 1) James A. Yates; 2) R. Chapnick; 3) N. Kushner; and 4) Salazar for deliberate indifference of a serious medical need, in violation of the Eighth Amendment;

2. Plaintiff's claim of deliberate indifference against Defendant Harper is dismissed for failure to state a claim upon which relief could be granted.

IT IS SO ORDERED.

Dated:   November 22, 2011

UNITED STATES MAGISTRATE JUDGE