# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JAMES W. BRAMMER,                                CASE NO. 1:07-cv-01350-GBC (PC)

                Plaintiff,                         ORDER DISMISSING ACTION, WITH
                                      PREJUDICE, FAILURE TO PROSECUTE

   v.

JAMES A. YATES, et al.,

                Defendants.

_____/

## I.  Procedural History

At the time of filing, James W. Brammer ("Plaintiff") was a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's second amended complaint filed on September 19, 2011, against Defendants Yates, Chapnick, Kushner, and Salazar ("Defendants") for deliberate indifference of a serious medical need relating to the treatment of Plaintiff's hand injury, in violation of the Eighth Amendment.  Doc. 51 (Complaint); Doc. 54 (Cog. Claim Ord.).

On February 17, 2012, Defendants filed a motion to dismiss.  Doc. 58.  On July 18, 2012, the Court issued an order explaining that Plaintiff was required to file an opposition or a statement of non-opposition to Defendants' motion to dismiss.  Doc. 67.  The Court warned Plaintiff that if he failed to submit an opposition or a statement of non-opposition within twenty-one days from the date of service of the order, that this action would be dismissed with prejudice.  Doc. 67.  Over twenty-

one days has passed and Plaintiff has still not complied with the Court's order.

## II.    Failure to Comply with Court Order

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

'The public's interest in expeditious resolution of litigation always favors dismissal.' *Pagtalunan v. Galaza*, 291 F.3d 639, 642  (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Plaintiff is obligated to comply with the Local Rules and was informed via court order regarding the requirement to file an opposition of statement of non-opposition.  Doc. 67. The Court cannot effectively manage its docket if a party ceases to obey the orders of the court and

1    litigate the case.  Thus, both the first and second factors weigh in favor of dismissal.

2          Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and

3    of itself to warrant dismissal." *Id.* (citing *Yourish* at 991).  However, "delay inherently increases the

4    risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's

5    failure to comply with the Local Rules and the Court's order that is causing delay.  Therefore, the

6    third factor weight in favor of dismissal.

7          As for the availability of lesser sanctions, at this stage in the proceedings there is little

8    available to the Court which would constitute a satisfactory lesser sanction while protecting the

9    Court from further unnecessary expenditure of its scare resources and the statutory requirement that

10   Plaintiff pays the filing fee to proceed with the complaint.   Finally, because public policy favors

11   disposition on the merits, this factor usually weighs against dismissal.  *Id.* at 643.  However, "this

12   factor lends little support to a party whose responsibility it is to move a case toward disposition on

13   the merits but whose conduct impedes progress in that direction," *In re Phenylpropanolamine (PPA)*

14   *Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations

15   omitted), as is the case here.

16         In summary, Plaintiff has failed to comply with the Court order to file an opposition of

17   statement of non-opposition.  Twenty-one days has passed since the Court ordered Plaintiff to

18   respond and Plaintiff has not responded, despite being notified of the requirement via the Court's

19   order specifically directing him to respond.  Doc. 67.

20

21   **III.     Conclusion and Order**

22         Accordingly, the Court finds that dismissal is the appropriate sanction and ORDERS that this

23   action be DISMISSED, WITH PREJUDICE, for failure to prosecute.

24

25   IT IS SO ORDERED.

26

27   Dated:    August 13, 2012

                                          UNITED STATES MAGISTRATE JUDGE

28