# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BRAMMER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01350-GBC (PC)<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>ORDER VACATING, IN PART, ORDER FILED AUGUST 14, 2012, AND AMENDING ORDER TO DISMISS ACTION WITHOUT PREJUDICE<br>(Doc. 68; Doc. 70) |

**I.   Procedural History**

At the time of filing, James W. Brammer ("Plaintiff") was a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint filed on September 19, 2011, against Defendants Yates, Chapnick, Kushner, and Salazar ("Defendants") for deliberate indifference of a serious medical need relating to the treatment of Plaintiff's hand injury, in violation of the Eighth Amendment. Doc. 51 (Complaint); Doc. 54 (Cog. Claim Ord.).

On February 17, 2012, Defendants filed a motion to dismiss. Doc. 58. On July 18, 2012, the Court issued an order explaining that Plaintiff was required to file an opposition or a statement of non-opposition to Defendants' motion to dismiss. Doc. 67. The Court warned Plaintiff that if he failed to submit an opposition or a statement of non-opposition within twenty-one days from the date of service of the order, that this action would be dismissed with prejudice. Doc. 67. On August 14,

2012, the Court dismissed the action with prejudice for failure to prosecute. Doc. 68. On September 6, 2012, Plaintiff filed a motion for reconsideration. Doc. 70.

## II. **Standard Governing Motions for Reconsideration**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981); *accord LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id*. When filing a motion for reconsideration, Local Rule 230(j)(3) & (4) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."

### A. **Reconsideration of Order**

On September 6, 2012, Plaintiff filed a motion for reconsideration. Doc. 70. In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy

favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).  Given Plaintiff's pro se status and the fact that a dismissal without prejudice is a "less drastic alternative," the Court will grant Plaintiff's motion for reconsideration, in part, and dismiss the action without prejudice.

### III.  Conclusion and Order

Accordingly, the Court orders the following:

1. Plaintiff's motion for reconsideration is granted, in part, to dismiss action without prejudice;
2. the Court order filed on August 14, 2012, is vacated in part, vacating the dismissal with prejudice; and
3. Court order filed on August 14, 2012 is amended to dismiss the action WITHOUT PREJUDICE, for failure to prosecute.

IT IS SO ORDERED.

Dated:     October 22, 2012

UNITED STATES MAGISTRATE JUDGE