# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BRAMMER,<br><br>          Plaintiff,<br><br>     v.<br><br>JAMES A. YATES, et al.,<br><br>          Defendants. | CASE NO. 1:07-cv-01350-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 79) |

Plaintiff James W. Brammer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on September 17, 2007, and Plaintiff filed a first amended complaint on July 14, 2008. (ECF Nos. 1 & 20.)

On August 14, 2012, the Court dismissed this action with prejudice for failure to prosecute. (ECF No. 68.) On September 6, 2012, Plaintiff filed a motion for reconsideration. (ECF No. 70.) On October 23, 2012, the Court issued an order granting in part Plaintiff's motion for reconsideration and amended its order to dismiss the action without prejudice. (ECF No. 76.) On November 26, 2012, Plaintiff filed a second motion for reconsideration. (ECF No. 79.)

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances

. . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

In Plaintiff's second motion for reconsideration, he simply restates his prior arguments and does not present newly discovered evidence, clear error, or an intervening change in the law. Thus, the Court denies Plaintiff's motion to reconsider this Court's order dismissing the claims without prejudice.  Accordingly,

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **March 22, 2013**

UNITED STATES MAGISTRATE JUDGE